UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIQUE POUCHON, | Case No.: 26-cv-2722-RSH-SBC |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER J. LaROSE, Warden, Otay Mesa Detention Center, | |
| Respondent. | |

On April 30, 2026, petitioner Francique Pouchon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

This action is Petitioner's third immigration habeas petition. *See also* Case Nos. 26-cv-1126, 26-cv-2304. In the first action, the Court granted the petition on the grounds that Petitioner was statutorily entitled to a bond hearing. *See* Case No. 26-cv-1126, Dkt. No. 6 at 2. The Court directed the government to hold a bond hearing for Petitioner. *Id.* Petitioner thereafter received a bond hearing on March 17, 2026, at which an immigration judge denied bond on the grounds of risk of flight. *See* Case No. 26-cv-1126, Dkt. No. 7.

Petitioner thereafter filed a second habeas petition, arguing that his detention had been prolonged, that his removal was not reasonably foreseeable, that he was being told by

ICE that he would be removed prior to a final order of removal, and that he was suffering from sleeplessness and depression while in immigration custody. *See* Case No. 26-cv-2304, Dkt. No. 1 at 6–7. The Court dismissed the second petition for failure to state a claim. *See* Case No. 26-cv-2304, Dkt. No. 3.

In Petitioner's third petition, his first claim alleges that his immigration arrest and custody are unlawful, in light of the fact that he was granted immigration parole that was never revoked:

> I initially crossed the US border on 10/19/2022 and was released at the discretion of the attorney general on parole on 11/22/2023. I have ever since been living in the United States without violating the conditions [] set forward in my parole. ICE has not yet terminated my parole and there is no legal paper that terminates my parole. I was arrested when I went for my court hearing in Boston, Massachusetts, without ICE stating why I was arrested. I hereby assert that my arrest was unlawful, unconstitutional and illegal.

ECF No. 1 at 6. Petitioner alleges in separate claims that his bond hearing was unfairly conducted by the immigration judge, that the immigration judge failed to consider alternatives to detention, and that he is suffering from unsanitary conditions of confinement. *Id.* at 6–7.

In their return, Respondents argue that this Court lacks jurisdiction to review the immigration judge's denial of bond. ECF No. 5 at 4–5. Respondents do not, however, address Petitioner's first claim, that his immigration parole has never been properly revoked and that his arrest and confinement are therefore unlawful. Respondents stated that "[i]n the instant petition, Petitioner raises the same challenges to his initial arrest and detention upon which the Court granted the initial petition" in Case No. 26-cv-1126. *Id.* at 2. However, that petition did not bring a claim based on failure to revoke or unlawful revocation of immigration parole, and neither Respondents nor the Court addressed the issue in that case. *See* Case No. 26-cv-1126, Dkt. No2. 1 (petition), 5 (return), 6 (order granting petition).

///

26-cv-2722-RSH-SBC

On this record, the Court construes Petitioner's first claim as unopposed. Accordingly, the Petition is **GRANTED** as follows. The government is directed to release petitioner Francique Pouchon within *the date following the date of this order*, subject to the terms of his prior parole. This order does not constrain Respondents' ability to impose or modify appropriate conditions of release.

**IT IS SO ORDERED.**

Dated: July 9, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-2722-RSH-SBC